**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ONEWEST BANK, FSB,

    Plaintiff,

v.                                                           Case No: 8:14-cv-423-T-30AEP

KARMY PERETZ and CITIBANK, N.A.,

    Defendants.

## FINAL JUDGMENT OF FORECLOSURE

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Summary Judgment and Default Judgment and Incorporated Memorandum of Law (Dkt. #27), and the Consent of Defendant, Karmy Peretz, to Entry of Summary Judgment (Dkt. #29).

This action was initiated by Plaintiff OneWest Bank, FSB ("OneWest"), on February 19, 2014, for relief against Defendants Karmy Peretz ("Peretz"), Barbara E. Sarkin ("Sarkin"), Citibank, N.A. ("Citibank"), and unknown tenants ("Unknown Tenants", together with Peretz, Sarkin, and Citibank, the "Defendants"), relating to an obligation (the "Obligation") secured by real property located in Sarasota County, Florida (the "Property").  The Obligation is evidenced by a promissory note (the "Note") and mortgage (the "Mortgage") executed and delivered by Peretz and Sarkin to IndyMac Bank, F.S.B. (the "Loan Documents").  OneWest is the current owner and holder of the Loan Documents.

On February 19, 2014, OneWest filed a complaint against Defendants including a count to foreclose Plaintiff's security interest and lien on the Property, a count against Peretz for breach of the Note, and a count against Sarkin for breach of the Note. On May 28, 2014, Plaintiff voluntarily dismissed all claims against Sarkin, whom OneWest discovered was deceased. On May 29, 2014,

1

Plaintiff voluntarily dismissed all claims against Unknown Tenants. Citibank did not answer or otherwise respond to the Complaint. The Clerk of the Court entered a default against the Citibank on May 29, 2014. (Dkt. #21).

On July 14, 2014, OneWest moved for entry of summary judgment against Peretz and for default judgment against Citibank. On July 14, 2014, Peretz filed a response to OneWest's summary judgment motion, consenting to entry of summary judgment pursuant to a settlement agreement with OneWest.

The Court, having considered the Complaint, and all other pleadings and documents of record, is fully advised in this matter. Upon review and consideration it is the Court's conclusion that OneWest's motion for summary judgment and default judgment should be granted. Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. Plaintiff's Motion for Summary Judgment and Default Judgment (Dkt. #27) is **GRANTED**.

2. Plaintiff OneWest Bank FSB, 888 E. Walnut St., Pasadena, CA 91101, is entitled to a Final Judgment of Foreclosure against Karmy Peretz and Citibank, N.A.

3. On the basis of the matters alleged in the Complaint, and established by OneWest, OneWest is owed the following sums of money:

| | |
|---|---|
| Principal due on the Note secured by the mortgage foreclosed: | $1,499,958.82 |
| Interest on the Note and mortgage from 5/01/2009 to 6/30/2014 | $ 532,397.37 |
| Escrow Advances: | |
| Taxes | $ 45,575.59 |
| Insurance premiums | $ 113,374.39 |
| PMI/MIP Insurance | $ 0.00 |
| Pre-acceleration Late Charges | $ 16,228.45 |
| Property Preservation | $ 11,003.20 |
| Property Inspection | $ 660.00 |
| BPO/Appraisal Fees | $ 2,405.00 |

| | |
|---|---:|
| Prior Fees/Costs | $ 0.00 |
| Additional Costs: | |
| Title: | $ 0.00 |
| Less: Payments/Credits to Escrow | ($ 23,534.41) |
| Less: Suspense | $ 0.00 |
| Less: Credits to Recoverable Balance | ($ 30,328.90) |
| **TOTAL SUM** | **$2,167,739.51** |

4. The Total Sum referenced in Paragraph 2 (plus accrued prejudgment interest) shall bear interest from this date forward at the prevailing legal rate of interest.

5. Plaintiff holds a first priority mortgage lien and security interest for the Total Sum set forth in Paragraph 2 above against the Property, located at 722 N. Manasota Key Rd., Englewood, FL  34223, in Sarasota County, Florida and legally described as:

> That part of the following described parcel lying West of the center line of the existing unpaved road which bisects the property:  The South 132 feet of the North 2048 feet of Government Lot 4 in Section 9, Township 40 South, Range 19 East, Sarasota County, Florida, being a parcel fronting 150 feet on the Gulf of Mexico and running from said Gulf of Mexico to Lemon Bay.  Together with a walking easement for ingress and egress to Lemon Bay as described in Warranty Deed recorded in Official Records Book 2943, Page 1893, Public Records of Sarasota County, Florida.

6. Plaintiff's lien in and upon the Property is superior in dignity to any right, title, interest, claim, lease, encumbrance or equity of Defendants, and all persons, corporations or other entities claiming by, through or under Defendants and the Property will be sold free and clear of any claims whatsoever of Defendants.

7. Pursuant to Rule 53(a)(1)(C), Federal Rules of Civil Procedure, Matthew J. Meyer, Esq., of Ansa Assuncao, LLP, 101 South Ashley Drive, Tampa, Florida 33602, (813) 221-5403, is appointed to serve as Special Master to advertise and conduct the foreclosure sale.

8. Pursuant to 28 U.S.C. § 2001, the Special Master is authorized and directed to sell the Property at public sale. Plaintiff shall coordinate the sale with the Special Master who shall sell the Property at a public sale at the Sarasota Courthouse front steps, 2002 Ringling Boulevard, Sarasota, Sarasota County, Florida to the highest bidder for cash, following notice of the public sale of the Property to be published once a week for at least four weeks in a newspaper regularly issued and of general circulation in Sarasota County, Florida, as required by 28 U.S.C. § 2002.

9. Plaintiff shall advance the cost of publishing the Notice of Sale and the Special Master's fee for conducting the sale of the Property and shall be reimbursed for them by the Special Master if Plaintiff is not the purchaser of the Property for sale.

10. Any third party successful bidder shall be required at the time of the sale to deposit with the Special Master five percent (5%) of the successful bid amount by certified check made payable to the Special Master or by cash deposit. Before being permitted to bid at the sale, all third party bidders shall present proof to the Special Master that they are able to comply with this requirement and otherwise shall not be allowed to bid.

11. The balance of the purchase price of the Property shall be tendered by the successful bidder in the form of a certified check payable to the Special Master within one (1) day following the sale. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of the sale with the balance to Plaintiff and the Property shall be re-offered for sale in accordance with the above provisions.

12. If OneWest is the purchaser of the Property, the Special Master shall credit OneWest's bid with the Total Sum described in Paragraph 2 with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

13. If a third party bidder is the purchaser, the third party bidder must pay the documentary stamp tax attached to the Certificate of Title in addition to the bid.

14. Upon full compliance with the terms of the sale, the Special Master shall file a report of the sale with the Clerk of the Court, which is subject to confirmation by the Court.

15. Upon confirmation of the sale by the Court, the Special Master shall convey to the purchaser a Certificate of Title, which shall be recorded in the Public Records of Sarasota County, Florida.

16. Upon recording of the Certificate of Title, the sale proceeds shall distributed, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate of Title, unless the Property is purchased by a third party bidder; third, the total sum due to Plaintiff as is set forth in this Judgment, less the items paid, plus interest at the rate prescribed by law from the date of this Judgment to the date of the sale; and by retaining any remaining amount pending the further Order of this Court.

17. Upon recording of the Certificate of Title, Defendant and all persons claiming by, through, under or against it since the filing of the Notice of Lis Pendens shall be forever barred and foreclosed of all estate or claim in the Property and the purchaser at the sale shall be let into possession of the Property.

18. The sale of the Property is made pursuant to 28 U.S.C. § 2001, *et seq.*, without the right of redemption.

19. Pursuant to the agreement between OneWest and Peretz, OneWest has waived its right to seek a deficiency judgment against Peretz.

20.     Finally, jurisdiction of this action is retained for one (1) year to enter further orders that are proper including writs of possession, or any other judgment or order that is necessary or appropriate.

20. Finally, jurisdiction of this action is retained for one (1) year to enter further orders that are proper including writs of possession, or any other judgment or order that is necessary or appropriate.

21. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of July, 2014.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2014\14-cv-423 sj and default judgment.docx